UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

vs.

REHAN KHAN,

Defendant.
_________________________________/

Crim. No. 11-cr-20540
Civ. No. 14-cv-11919
Hon. Gerald E. Rosen

# OPINION AND ORDER (1) DENYING § 2255 MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE, (2) DENYING CERTIFICATE OF APPEALABILITY, AND (3) DENYING LEAVE TO APPEAL IN FORMA PAUPERIS

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on November 10, 2016

PRESENT: Honorable Gerald E. Rosen
United States District Judge

## I. INTRODUCTION

Rehan Khan was indicted, along with 15 co-defendants, on charges of conspiracy to commit health care fraud in violation of 18 U.S.C. § 1349. The First Superseding Indictment also charged Khan with one count of conspiracy to pay and receive kickbacks and two counts of money laundering.

On June 26, 2012, Khan pleaded guilty, pursuant to a Rule 11 Plea Agreement, to one count of health care fraud conspiracy. Under the Plea Agreement, Defendant agreed that his applicable Guidelines sentencing range was 57-71 months. On May 13, 2013, Khan was sentenced to a term of 60 months' imprisonment, to be followed by two years of supervised release, and ordered to pay $1,789,234.74 in restitution. The Court further entered a money judgment of $13,888,930.00 against Khan, jointly and severally, and ordered the forfeiture of $113,479.58 in seized assets. Kahn did not appeal his sentence or conviction.[1]

On May 13, 2014, Khan filed the instant Motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. As grounds for § 2255 relief, Defendant Khan claims (1) that he received ineffective assistance of counsel during plea negotiations and at sentencing; and (2) that the Court improperly used facts not found by a jury to enhance his sentence, and therefore, under *Alleyne v. United States*, 133 S.Ct. 2151 (2013), his sentenced must be vacated.

## II. DISCUSSION

### A. DEFENDANT'S CLAIM OF INEFFECTIVE ASSISTANCE OF COUNSEL

[1] In the plea agreement, Khan waived his right to appeal his conviction and sentence. *See* Plea Agreement, ¶ 6.

Defendant Khan claims that ineffective assistance of counsel during plea negotiations and sentencing resulted in a longer sentence than the 0-6 months he contends should have been his applicable Guidelines range. Specifically Khan claims that (1) counsel failed to explain that the charge to which he pled guilty in the plea agreement would result in a higher Guidelines range than the offense charged in Count 1 of the First Superseding Indictment; (2) counsel failed to inform him that the Government had not proved all of the elements of the health care fraud conspiracy offense; (3) counsel failed to negotiate a more favorable plea deal; (4) counsel failed to file written objections to the Pre-Sentence Investigation Report; and (5) at sentencing, counsel did not object to the court's calculation of the Guidelines range and failed to comply with 18 U.S.C. § 3553(a) thereby failing to preserve those issues for appeal. For the reasons that follow, the Court finds no merit in any of Defendant's claims of ineffective assistance of counsel.

The requirements for demonstrating ineffective assistance of counsel were established by the United States Supreme Court in *Strickland v. Washington*, 406 U.S. 668, 104 S.Ct. 2052 (1984). To establish ineffective assistance of counsel, it must be shown (1) that counsel's performance was deficient and (2) that the deficient performance prejudiced the defense. 406 U.S. at 687, 104 S.Ct. at 2064.

The proper standard for assessing an attorney's performance is that of

reasonably effective assistance. *Id.* Thus, a guilty plea cannot be attacked as based on inadequate legal advice unless counsel was not "a reasonably competent attorney" and the advice was not "within the range of competence demanded of attorneys in criminal cases." *Id.*

The *Strickland* court further directed that judicial scrutiny of counsel's performance must be highly deferential. *Id.*, 406 U.S. at 689, 105 S.Ct. at 2065. The court explained the need for deference:

> It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable. A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy.

*Id.* (Citations omitted).

In the context of a guilty plea, the Supreme Court has held as follows:

> [T]he two-part *Strickland v. Washington* test applies to challenges to guilty pleas based upon ineffective assistance of counsel. In the context of guilty pleas, the first half of the *Strickland v. Washington* test is nothing more than a restatement of attorney competence. . . .

> The second, or "prejudice" requirement, on the other hand, focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process. In other words, in order to satisfy the "prejudice" requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.

*Hill v. Lockhart*, 474 U.S. 52, 58-59, 106 S.Ct. 366, 370 (1985).

The Sixth Circuit applied the foregoing standards in *Sullivan v. United States*, 11 F.3d 573 (6th Cir. 1993), a § 2255 case where, as in this case, the petitioner, challenged the length of his sentence by arguing ineffective assistance of counsel in connection with his having entered into a Rule 11 plea agreement. The district court denied Sullivan's § 2255 motion and the Sixth Circuit affirmed, explaining:

> [P]etitioner's claim fails to meet even the first prong of *Strickland*. There has been no showing that counsel's performance was not competent. **The record reveals that the district court discussed the terms of the plea agreement with petitioner and that he was informed of the possible sentence which he faced. These terms were discussed, in petitioner's presence, in open court and on the record. There is no showing that petitioner was lied to or misled.**

*Id.* at 576 (emphasis added).

As in *Sullivan*, there is no showing in this case that Defendant's counsel was not competent. The record here reveals, just as the record did in *Sullivan*, that at his Plea Hearing, Defendant Khan was advised in open court of the terms of the

plea agreement. And at the Plea Hearing, Khan affirmatively stated that he was satisfied with the advice and representation of his counsel.

During the Plea Hearing, the Court extensively questioned Mr. Khan regarding the assistance he received from his counsel; the making of his plea and his plea agreement; and the activities in which he engaged which gave rise to the criminal charges against him.

Under oath, Khan stated as follows about his representation:

> THE COURT: You have [your attorney] Mr. White representing you here today.
>
> THE DEFENDANT: Yes, sir.
>
> ***
>
> THE COURT: All right. Have you had a chance to have him explain all of the charges against you and ask him any questions you may have?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: Did he answer your questions to your satisfaction?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: Are you satisfied you understand the charge?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: Did you also have a chance to talk to Mr. White and discuss with him the plea agreement that you signed?

THE DEFENDANT: Yes, sir.

THE COURT: Did you have a chance to ask him questions about the provisions of the plea agreement?

THE DEFENDANT: Yes, sir.

THE COURT: Did he answer the questions about the plea agreement to your satisfaction?

THE DEFENDANT: Yes, sir.

THE COURT: Are you satisfied you understand all of the provisions of the plea agreement, your obligations and responsibilities under it, the government's obligations and responsibilities?

THE DEFENDANT: Yes, sir.

THE COURT: All right. Are you satisfied with the advice that Mr. White has given you in this case?

THE DEFENDANT: Yes sir.

THE COURT: Are you satisfied with his representation of you generally?

THE DEFENDANT: Yes, sir.

THE COURT: Do you have any complaints about Mr. White's representation of you in this case that you want to bring to my attention before we go forward here today?

THE DEFENDANT: No, sir.

THE COURT: I assume then from your answers that you're

> satisfied to have Mr. White represent you here today as you tender a guilty plea, is that true?

THE DEFENDANT: That's true.

[6/26/12 Plea Hearing Tr., pp. 10-12.]

In light of his under-oath statements of his satisfaction with the effectiveness of his representation of counsel, Defendant Khan cannot not now be heard to claim his counsel was ineffective.

The record further demonstrates the lack of factual merit in Defendant Khan's claim regarding his counsel's alleged failure to advise him that the charge to which he pled guilty in the plea agreement would result in a higher Guidelines range than the offense charged in Count 1 of the First Superseding Indictment. The record clearly establishes that the offense to which Defendant pled guilty to in the plea agreement was the same offense alleged in Count 1 of the indictment, i.e., conspiracy to commit health care fraud. *Compare* Plea Agreement, Dkt. # 237, pp. 1-2, with First Superseding Indictment, Dkt. # 84, ¶ 36. Moreover, at the plea hearing, Khan was specifically informed that Count One of the First Superseding Indictment, conspiracy to commit health care fraud carries a statutory maximum sentence of "ten years imprisonment, a fine of $250,000 or twice the pecuniary gain or loss, and a three year term of supervised release" but that pursuant to the

plea agreement, Defendant Kahn and the Government agreed to a Guidelines sentence of "57-71 months imprisonment," which is plainly substantially *less* than the statutory maximum sentence he could have received for Count 1. *See* 6/26/12 Plea Hearing Tr., pp. 13, 21, 23. *See also* 18 U.S.C. §§ 1347(a), 1349; U.S.S.G. §§ 2B1.1, 2X1.1.

Defendant's second ineffective assistance of counsel claim likewise lacks merit. In his second claim, Khan argues that his counsel was ineffective for not informing him that the government had failed to prove all elements of the conspiracy offense. However, Khan obviously overlooks the fact that at the plea hearing he was explicitly informed that *by pleading guilty he was giving up the right to require the government to prove its case against him* beyond a reasonable doubt, and he affirmatively stated, under oath, that he understood he was giving up that right, but still wanted to plead guilty. [*See* Plea Hrg. Tr., pp. 15-16.]

Moreover, Khan's plea agreement laid out the elements of the offense alleged in Count 1 and the factual basis supporting those elements and the loss amount. *See* Plea Agr., Dkt. # 237, pp. 1-4. At the plea hearing, Khan stated under oath that he had read and understood the plea agreement, had reviewed it with counsel, and agreed that a summary of the factual basis provided by the Government at the hearing was accurate. [*See* Plea Hrg. Tr., pp. 21-22, 24; *see*

*also* pp. 30-31 (the Court "finds that by [Defendant's] voluntary testimony [he has] made out all of the elements or parts of the crime that [he has] now pled guilty to.") And, "a guilty plea is an admission of all the elements of a formal criminal charge." *McCarthy v. United States*, 394 U.S. 459, 466 (1969).

In sum, the Court finds no merit in Defendant's claim that his counsel was ineffective by not explaining to him that the government had failed to prove all elements of the health fraud conspiracy.

Khan also claims his counsel was ineffective by failing to negotiate a more favorable plea offer than the one to which he agreed to accept. However, Khan's claim is based purely on the speculation that a better plea offer could be had, and "ineffective assistance claims do not turn on such speculative considerations." *Short v. United States*, 471 F.3d 686, 697 (6th Cir. 2006).

Khan offers no evidence suggesting that a more favorable offer from the Government would have been forthcoming. In fact, the record indicates otherwise. The Government made one plea offer to Defendant Khan , and by the time Khan engaged in plea negotiations, the Government's case was already very strong because multiple co-defendants, including Defendants Rahman and Yousafzai, with who Defendant Khan was directly involved, were already cooperating. *See* Sentencing Tr., pp. 24-25.

Furthermore, the plea offers extended to (and accepted by) Kahn's similarly-situated co-defendants were enhanced based on money laundering -- one of the charges against Defendant Kahn that was dismissed as part of his plea agreement, which itself carries a 20-year statutory maximum sentence. Thus, the one-count plea offer that Kahn accepted was for a sentence significantly less severe than what he would have faced had he gone to trial or pleaded guilty without the stipulated sentencing range, and less severe than what a number of his co-defendants who pled guilty received.

The Government also told the Court at Defendant Khan's sentencing that despite offers of cooperation extended by counsel, it was skeptical that Khan could provide useful cooperation (in exchange for a lower sentence) because it did not believe that his prior statements were truthful. *See* Sentencing Tr., pp. 24-25. Consequently, even assuming that defense counsel's performance was in some way defective, Defendant has not and cannot meet his burden under *Strickland* to show that the results of the plea negotiations would have been different had he received more effective representation.

Khan also claims that his attorney was ineffective when he failed to file an written objections to the Pre-Sentence Investigation Report, specifically as to the calculation of the amount of loss. Khan's argument on this ground fails because

his counsel orally raised -- and the Court considered -- Khan's objections to the PSR during sentencing, and with respect to the loss calculation, specifically, the plea agreement foreclosed any objection to the Guidelines calculation. Courts are entitled to rely on a defendant's admissions in the plea agreement and plea colloquy in determining that the loss amount stated in the plea agreement is accurate. *United States v. Shabazz,* 530 F. App'x 458, 463-64 (6th Cir. 2013).

In this case, Defendant stated under oath that he had read and understood the plea agreement, had reviewed it with counsel, and agreed that a summary of the factual basis provided by the Government at the plea hearing was accurate. *See* Plea Hrg. Tr., pp. 21-22, 24. The Court found that Defendant entered into the plea agreement knowingly and voluntarily, and accepted it at sentencing. *See* Plea Tr., pp. 30-31, Sentencing Tr., p. 38. Consequently, Defendant's counsel did not provide deficient representation by not objecting to the Guidelines loss calculation stipulated to by his client. *See United States v. Putrous*, 2010 WL 3582388 at * 6-7 (E.D. Mich. Sept. 10, 2010); *United States v. Miller*, 2009 WL 579359 at * 9 (E.D. Mich. Feb. 26, 2009).

Defendant's final ineffective assistance claim is that his counsel failed to object to the Court's failure to calculate the Guidelines range and consider the sentencing factors set forth in 18 U.S.C. § 3553(a), thereby failing to preserve

those purported errors for purposes of appeal. Defendant's claim is meritless because the alleged errors are contradicted by the record and, therefore, any such objections and resulting appeal would have been futile. Moreover, Defendant would have been precluded from raising the issues he claims were not preserved because he waived his right to appeal.

Fed. R. Crim. P. 11(c)(1)(C) permits the parties to "agree that a specific sentence or sentencing range is the appropriate disposition of the case." The Rule further states that "such a recommendation or request binds the court once the court accepts the plea agreement." *Id.* Given that the Court found the Defendant Khan knowingly and voluntarily entered into a plea agreement that specified a Guidelines range pursuant to Rule 11(c)(1)(C) and that the parties were precluded from taking a position on the Guidelines range different from that taken in the plea agreement, any objection to the Court's adoption of the Guidelines range would have been futile. Defendant's counsel's failure to raise a futile objection does not constitute performance falling below "prevailing professional norms." *Strickland*, 466 U.S. at 688.

Furthermore, Section 3443(a) does not require that a court make specific findings related to each of the sentencing factors considered. *United States v. Bolds*, 511 F.3d 568, 580 (6th Cir. 2007). Rather, a court need only provide an

"articulation of the reasons the district court reached the sentence ultimately imposed." *United States v. Jackson* 408 F.3d 301, 305 (6th Cir. 2005). The record here shows that the Court provided such reasons. *See e.g.,* Sentencing Tr. at pp. 10-11 (considering Defendant's personal history); p. 16 (noting that the Court reviewed letters received on behalf of Defendant); pp. 29-31 (considering, *inter alia*, the scope of the fraud, Defendant's background and financial situation, Defendant's culpability relative to co-defendants already sentenced, and the need to safeguard national health care resources). Counsel thus did not render ineffective assistance by failing to raise an objection that was not contradicted by the record.

Moreover, Defendant cannot have been prejudiced by any failure of counsel to preserve the issues for appeal because, as indicated, Defendant waived his right to appeal. *See* Plea Agreement, p. 7. Defendant was advised of and acknowledged the waiver provision during the plea hearing, *see* Plea Hrg. Tr. pp. 24, 26, and did not then, nor does he now contend that he entered into the appellate waiver unknowingly. Accordingly, Defendant was not prejudiced by the failure to preserve an appellate claim that he was foreclosed from raising.

B. DEFENDANT'S *ALLEYNE* CLAIM

In *Alleyne v. United States*, the Supreme Court held that, pursuant to the

Sixth Amendment, any fact that enhances the statutory mandatory minimum is an element of the offense that must be found beyond a reasonable doubt by the jury. 133 S.Ct. at 2162. Defendant Khan claims that *Alleyne* foreclosed the sentencing enhancements that increased his Guidelines range to 57-71 months. *Alleyne*, however, is inapplicable where Defendant did not face any mandatory minimum sentence.

Furthermore, *Alleyne* does not apply where, as here, the defendant admits to the facts underlying the enhancement. *See United States v. Yancy*, 725 F.3d 596, 601 (6th Cir. 2013) (*Alleyne* does not apply "when a defendant knowingly admits the facts necessary for a sentence enhancement in the context of a plea, simultaneously waiving his Sixth Amendment right to a jury trial."); *see also United States v. Johnson*, 732 F.3d 584 (6th Cir. 2013) (no constitutional error when statutory mandatory minimum was increased based on a fact "charged in the indictment and established as part of his guilty plea.") Defendant Khan having knowingly waived his right to trial by jury and having agreed to the terms of the plea agreement -- including the Guidelines range of 57-71 months and the factual basis supporting the enhancements -- cannot now claim that those facts should have been found by a jury.

In any event, even if Defendant had not admitted the facts underlying his

sentencing enhancements, he cannot now rely on *Alleyne* because *Alleyne* was decided after Defendant's sentence became final and does not apply retroactively on collateral review. *See United States v. Rogers,* 561 F. App'x 440, 442 (6th Cir. 2014); *United States v. Winkelman*, 746 F.3d 134, 136 (3dh Cir. 2014); *United States v. Redd*, 735 F.3d 88, 91-92 (2d Cir. 2013); *Simpson v. United States*, 721 F.3d 875, 876 (7th Cir. 2013).

For all of the foregoing reasons, the Court concludes that Defendant Khan is not entitled to relief from the sentence imposed upon him. Accordingly, Defendant's § 2255 Motion will be DENIED.

The Court will also deny a certificate of appealability. Before a Section 2255 movant may appeal an adverse decision, a certificate of appealability must issue. 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the matter should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must

demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484. "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2255 Cases, Rule 11(a), 28 U.S.C. foll. § 2255. For the reasons stated in this Opinion, the Court will deny Defendant Khan a certificate of appealability because he has failed to make a substantial showing of the denial of a federal constitutional right. The Court also will deny leave to appeal *in forma pauperis* as an appeal cannot be taken in good faith. Fed. R. App. P. 24(a).

## CONCLUSION

For all of the reasons set forth above in this Opinion and Order,

IT IS HEREBY ORDERED that Defendant Khan's § 2255 Motion to Vacate his Sentence **[Dkt. No. 399]** is DENIED, and his Motion for Merit Ruling and Disposition **[Dkt. # 562]** and Second Motion for Merit Ruling and Disposition **[Dkt. #587]** are denied as MOOT. Accordingly,

IT IS FURTHER ORDERED that Civil Action No. 14-cv-11919 is DISMISSED, with prejudice.

IT IS FURTHER ORDERED that a Certificate of Appealability is DENIED. Leave to appeal *in forma pauperis* also is DENIED.

s/Gerald E. Rosen
United States District Judge

Dated: November 10, 2016

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on November 10, 2016, by electronic and/or ordinary mail.

s/Julie Owens
Case Manager, (313) 234-5135